{¶ 72} I fully concur in the majority's analysis and disposition of appellant's first and fourth assignments of error.
 {¶ 73} I further concur in the majority's analysis and disposition of appellant's second assignment of error. I note appellant's argument herein is premised upon the alleged failure to find an additional $3,000,000 of coverage existed on the Walnut Avenue property. Having overruled appellant's first assignment of error, appellant's second assignment of error, which is premised on the first, must also necessarily fail.
 {¶ 74} I concur with the majority's disposition of appellant third assignment of error. However, I agree with appellant expert testimony is not necessary to establish the standard of care when the insured's claim is the insurance agent failed to procure the amount of coverage requested. Nevertheless, I concur in overruling this assignment of error. Although appellant requested Lyons procure $3,000,000 worth of coverage for production, warehouse and storage facilities [which Lyons did] and Gonzalez assumed such coverage extended to the Walnut Avenue property, I find the evidence establishes Gonzalez was mistaken in such assumption. The application[1] and policies confirm his *Page 21 
mistake. Although I disagree with appellee's assertion Gonzalez admitted his mistake, Gonzalez's mistaken assumption is insufficient to create a disputed material fact as to whether Lyons was negligent in procuring the amount of coverage appellant requested on the Walnut Avenue Property.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs assessed to Appellant AVC. of that application, I find no mention of a "metal one-story structure constructed in 1970".
[1] Appellant claims the application indicated location 2 was the metal one-story structure constructed in 1970, i.e., the warehouse attached to the Walnut Avenue property. (Appellants' Reply Brief at p. 10). Had such been the case a disputed material fact as to appellant's claim against Lyons (as well as Erie) may exist. However, upon my review *Page 1